NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TAMMY P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, E.P., *Appellees*.

No. 1 CA-JV 18-0456
FILED 6-27-2019

Appeal from the Superior Court in Maricopa County
No. JD531123
The Honorable Arthur T. Anderson, Judge

**VACATED AND REMANDED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**T H U M M A**, Chief Judge:

¶1        Tammy P. (Mother) appeals from an order terminating her parental rights to her son, E.P. The Department of Child Safety (DCS) concedes the superior court lacked jurisdiction to enter the order under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Accordingly, the order terminating Mother's parental rights to E.P. is vacated and this matter is remanded for further proceedings consistent with this decision.

¶2        In August 2017, DCS took E.P. into custody and filed a dependency petition. Mother stated she and E.P. lived in Arkansas and planned to return there, and DCS concedes Arkansas was E.P.'s "home state" under the UCCJEA at that time. DCS asserted Arizona had temporary emergency jurisdiction under the UCCJEA because E.P. was present in Arizona and "threatened with mistreatment or abuse." *See* Ariz. Rev. Stat. (A.R.S.) § 25-1034(A) (2019). In October 2017, the superior court found E.P. dependent as to Mother. In doing so, the court found out-of-home care was "necessary to protect the child's welfare," but did not specify it was exercising temporary emergency jurisdiction under the UCCJEA.

¶3        In April 2018, DCS moved to terminate Mother's parental rights. Following a termination hearing, in November 2018, the court granted the motion without complying with the UCCJEA, either by conferring with Arkansas or concluding child custody in Arizona had become final. Mother timely appealed.

¶4        In February 2019, at DCS' request, this court stayed the appeal and remanded to the superior court "to allow that court to confer with Arkansas – the child's home state – as required under" the UCCJEA. At a telephonic conference in April 2019, the Arizona and Arkansas courts "agree[d] that it is appropriate for jurisdiction to remain in Maricopa County, Arizona," and this court subsequently reinstated Mother's appeal. DCS then filed a Notice of Concession of Error, stating the superior court lacked jurisdiction to terminate Mother's rights to E.P. because "the court's

emergency jurisdiction had not yet ripened into permanent jurisdiction by the time of the September 2018 termination hearing."

¶5        The UCCJEA grants jurisdiction over child custody proceedings to the child's "home state," meaning "[t]he state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding, including any period during which that person is temporarily absent from that state." A.R.S. §§ 25-1031(A), -1002(7)(a). Even when Arizona is not a child's home state, however, an Arizona court may exercise "temporary emergency jurisdiction if the child is present in this state" and temporary emergency jurisdiction is necessary to protect the child from a threat of mistreatment or abuse. A.R.S. § 25-1034(A). When no child custody proceeding has been brought in the child's "home state," a child custody determination made under temporary emergency jurisdiction "becomes a final determination, *if it so provides*" and, in that case, Arizona then "becomes the home state of the child." A.R.S. § 25-1034(B) (emphasis added).

¶6        DCS concedes the superior court did not properly comply with the UCCJEA:

> Here, Arkansas was clearly the child's home state. And the Arizona juvenile court clearly had emergency jurisdiction on the basis of the child's and Mother's presence here and her inability to care for him. But because the juvenile court's order adjudicating [E.P.] dependent did not specify that it would become final at some later date (if proceedings were not commenced in Arkansas) under A.R.S. § 25-1034(B), the court's emergency jurisdiction had not yet ripened into permanent jurisdiction by the time of the termination hearing.
>
> Furthermore, although Arkansas subsequently relinquished jurisdiction to Arizona, *see* A.R.S. § 25-1037, at which point Arizona's child custody determination became final and Arizona became [E.P.'s] home state, *see* A.R.S. § 25-1034(B), this Court has held that a court's UCCJEA determinations cannot be applied retroactively. *See Monique B. v. Duncan*, 245 Ariz. 371, [376] ¶ 17 (App. 2018).

¶7     Having considered DCS' brief and the relevant portions of the record, this court accepts this concession of error. Accordingly, the order terminating Mother's rights to E.P. is vacated and this matter is remanded for proceedings consistent with this decision. Because this court accepts DCS' concession of error and the superior court lacked jurisdiction to enter the termination order, this court need not, and explicitly does not, consider Mother's substantive arguments on appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA